**Daniel PORTEE, Petitioner–Appellant,**

v.

**John VANNATTA, Respondent–Appellee.**

No. 03–3816.

United States Court of Appeals, Seventh Circuit.

Submitted March 19, 2004.*

Decided June 29, 2004.

Daniel C. Portee, Bunker Hill, IN, Petitioner–Appellant Pro se.

Matthew D. Fisher, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before RIPPLE, KANNE, and DIANE P. WOOD, Circuit Judges.

ORDER

Indiana inmate Daniel Portee petitioned for a writ of habeas corpus under 28 U.S.C. § 2254 after a Conduct Adjustment Board (CAB) found him guilty of being a "habitual conduct rule violator" and sanctioned him with 30 days' disciplinary segregation and the loss of 90 days' earned credit time. Portee alleged that he was denied due process because a member of the CAB was biased. The district court denied his petition and we affirm.

A screening officer charged Portee in a conduct report with being a "habitual conduct rule violator" (defined by the Adult Disciplinary Procedures for Indiana prisoners as an inmate who has been found "guilty of four Class A, B, or C rule violations involving four unrelated incidents within the last six months,") and recommended disciplinary segregation and sanctions. The conduct report specified seven rule violations between January and April 2002 in which Portee had been found guilty and on this basis the CAB adjudged him a "habitual conduct rule violator."

Portee appealed the CAB's finding to the facility head, arguing that Carroll, one of the CAB members who participated in

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Portee's habitual violator hearing, had a conflict of interest because he was "responsible for" three of the conduct reports that gave rise to the habitual charge. The facility head declined to disturb the CAB's findings. Portee next appealed to the Indiana Department of Corrections Final Reviewing authority, which responded that Carroll "represents only one vote" and found "no evidence" that Carroll was prejudiced against Portee. Portee then filed this petition in the district court, reiterating that Carroll was "responsible for" three conduct reports and therefore could not be an impartial decisionmaker. The district court found that this "generalized" allegation was not enough to show bias and denied his petition.

On appeal, Portee renews his general argument that Carroll could not have decided Portee's hearing fairly because Carroll "prepared" the conduct report filed against Portee in two of the underlying incidents, and "convicted" him in a third incident. This, he claims, violated his due process right to a fair hearing before impartial decisionmakers.

Due process entitles a prisoner faced with the loss of good-time credits to certain basic procedural protections, including the right to a hearing before a "sufficiently impartial" decisionmaker. *Wolff v. McDonnell*, 418 U.S. 539, 555–58, 570–71, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003). The constitutional standard for proving impermissible bias is high. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir.2003). Only officials who are "directly or substantially involved" in the incident underlying the disciplinary charge or the ensuing investigation are prohibited from serving on the board hearing the charge. *Id.* at 667. It is not enough, as we explained in *Piggie,* to show that a member of the adjudicative body sat on an earlier board that found the inmate guilty of a violation of prison rules, even if those prior findings contribute to a later conclusion that the inmate is an habitual offender.

Portee has not shown how Carroll was "directly or substantially involved" in any of the underlying incidents. *Id.* Portee's generalized accusations establish no more than that Carroll knew about Portee's earlier proceedings. Carroll's awareness of the earlier proceedings does not overcome the presumption of integrity and honesty to which the adjudicators are entitled, *id.* at 666, and by itself is insufficient to demonstrate bias. *Pannell,* 306 F.3d at 502. The finding that Portee is a habitual rule violator will not be disturbed.

AFFIRMED.